UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS A. HENNIGAR, individually and on behalf of all others similarly situated, | § § § § | |
| PLAINTIFF, | § § | DOCKET NO. 4:20-CV-01209 |
| V. | § § | JURY TRIAL DEMANDED |
| TARGA RESOURCES CORP., | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| DEFENDANT. | § § § § | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Thomas Hennigar ("Hennigar" or "Plaintiff") and Defendant Targa Resources, LLC, on behalf of the improperly named entity Targa Resources Corp. ("Targa" or "Defendant"), (collectively the "Parties") file this Joint Motion for Approval of Settlement Agreement, and respectfully show the Court the following.

**I. BACKGROUND**

On April 3, 2020, Hennigar, on behalf of himself and others allegedly similarly situated, filed this lawsuit, alleging that Targa misclassified inspectors as independent contractors and improperly paid them on a day rate basis with no overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). *See* Doc. 1. Hennigar filed the case as a collective action under the FLSA. *Id.* On May 15, 2020, Targa filed its Answer and Affirmative and Other Defenses and emphatically denied all of Hennigar's allegations. *See* Doc. 14.

On August 7, 2020, in the interest of judicial economy and by the agreement of the Parties, Hennigar and Targa stipulated to conditionally certify a class of the following:

> All pipeline inspectors who provided services to Targa Resources, LLC as independent contractors and who were paid on a day rate with no overtime . . . excluding those who provided services to the Grand Prix pipeline system, which is not a part of this case. Provided, however, that pipeline inspectors who provided services on other Targa pipelines as well as the Grand Prix pipeline system may seek to recover for their work on the other pipelines.

*See* Doc. 20.

At the close of the opt-in period, twenty-eight (28) Opt-in Plaintiffs had joined the case. With Hennigar as the Named Plaintiff, there are twenty-nine (29) Plaintiffs total. After exchanging some initial discovery, the Parties had candid discussions regarding the respective merits of their claims and defenses, and reached a settlement on October 25, 2021. The Parties now request approval of their settlement agreement.

## II. ARGUMENT AND AUTHORITIES

When reviewing a proposed settlement of claims under the FLSA, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). The endorsement of a proposed FLSA settlement by counsel for both Parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008).

A. **The Settlement Is Fair and Reasonable Resolution of a Bona Fide Dispute.**

   *i.   A Bona Fide Dispute Existed Between the Parties*

If Hennigar's allegations were ultimately correct, Targa would be faced with the prospect of a monetary judgment in favor of Hennigar and potentially the Opt-in Plaintiffs as well as an

obligation to pay litigation fees and costs incurred by Hennigar. If Targa's arguments were correct, then Hennigar and potentially the Opt-in Plaintiffs would not make a recovery or the recovery would be substantially less than what Hennigar and the Opt-in Plaintiffs sought. The Parties on both sides were represented by able counsel throughout this litigation. Each side has substantial arguments in support of their legal position on issues such as whether Hennigar was an independent contractor, whether Hennigar was properly paid, and whether Hennigar would be able to establish a willful violation of the FLSA extending the statute of limitations from two years to three years. Accordingly, the Court should readily conclude a bona fide dispute between the Parties existed under the FLSA.

### ii. *The Proposed Settlement Is Fair and Reasonable*

The precise terms of the settlement agreement are filed under seal with the Court. The settlement was the product of arm's length negotiations by experienced counsel and has the salutary effect of (1) providing substantial relief to Hennigar, and (2) eliminating the inherent risks both sides would bear if this complex litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the significant gap between the Parties' settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The settlement agreement is also fair and reasonable because substantial obstacles exist if litigation continues and the settlement provides substantial and immediate relief. The Parties disagree about the merits of Hennigar's claims, the viability of Targa's defenses, and the proper calculation of damages. Without settlement, the Parties would have engaged in extensive

discovery, including depositions of key management witnesses, and litigated dispositive motions on the merits of the claims and on the question of willfulness. Even if Hennigar had prevailed on the merits by summary judgment or trial, an appeal to the Fifth Circuit would have likely resulted. Under such a scenario, Hennigar would not see any monetary relief from this case, if any, until years from now. The Settlement Agreement brings immediate benefit to Hennigar.

The attorneys' fees are reasonable and fair as well. Hennigar requests the court approve the attorneys' fees of Hennigar's counsel as stated in the settlement agreement. Such fees are justified as a matter of contract, but especially in this case where counsel worked diligently on a contingency basis.[1] Moreover, Hennigar was aware of, and agreed to, the contingency fee nature of the relationship. Finally, the FLSA mandates payment of attorneys' fees to prevailing plaintiffs. *See Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2008 WL 5140045 (S.D. Tex. Dec. 8, 2008).

The terms of the settlement have been approved by Hennigar, Hennigar's counsel, Targa, and Targa's counsel. Hennigar entered into the Settlement Agreement voluntarily and knowingly, and understands fully that he is relinquishing his claims in this matter in exchange for the agreed upon settlement. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

The Parties further agree that as a condition of settlement, the terms of the settlement will be kept confidential. Accordingly, the Parties are filing the settlement agreement under seal as Exhibit 1 hereto. The Parties jointly request that the Court keep the terms of the settlement

---

[1] *See, e.g., Green-Johnson v. Fircroft*, No 4:12-cv-01307, Doc. 50 (S.D. Tex., April 3, 2013) (J. Rosenthal) (approving 40% contingency fee in an FLSA collective action); *Covey, et al. v. Iron Cactus, et al.;* No. 1:12-cv-00111-SS (W.D. Tex. Aug. 6, 2013) (approving 40% contingency fee in FLSA collective action); *Villarreal, et al. v. Source Refrigeration & HVAC, Inc.*; No. 1:12-cv-00243, Doc. 71 (W.D. Tex., October 8, 2013) (J. Sparks) (approving 40% contingency fee in FLSA collective action); *Karim v. Finch Shipping Co.*, Ltd. 233 F. Supp. 2d 807, 811 (E.D. LA 2002) (40% contingency fee approved).

agreement and the settlement agreement itself confidential, and the Parties respectfully request that the Settlement Agreement not be included in the documents and papers publicly filed in this matter.  Counsel for the Parties will make themselves available for a conference regarding the settlement at the Court's request.

**IV.     Conclusion.**

For the foregoing reasons, the Parties respectfully request that the court enter the proposed Order approving their settlement agreement and the proposed Order dismissing the case as specified therein.  The Parties further respectfully request that the Court maintain the confidentiality of the Settlement Agreement by allowing it to be filed under seal and/with redactions and not permitting any portion of the agreement or its terms to be disclosed publicly.

| | |
|---|---|
| Thomas Hennigar, Individually, and On Behalf of Others Similarly Situated | Targa Resources, LLC, on behalf of the improperly named entity Targa Resources Corp. |
| /s/      William Liles w/p | /s/   Kimberly Cheeseman |
| By Their Attorneys: | By Its Attorneys: |

Michael A. Josephson
State Bar No. 24014780
Federal ID No. 27157

Andrew W. Dunlap
State Bar No. 24078444
Federal ID No. 1093163

William R. Liles
State Bar No. 24083395
Federal ID No. 2035571

JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
wliles@mybackwages.com

Richard J. (Rex) Burch
State Bar No. 24001807
Federal ID No. 21615

BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Attorneys for Plaintiff*

M. Carter Crow
State Bar No. 05156500
Federal I.D. No. 15048

Kimberly F. Cheeseman
State Bar No.  24082809
Federal I.D. No. 2254668

Norton Rose Fulbright US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:      (713) 651-5246
carter.crow@nortonrosefulbright.com
kimberly.cheeseman@nortonrosefulbright.com

*Attorneys for Defendant Targa Resources, LLC, on behalf of the improperly named entity Targa Resources Corp.*

## CERTIFICATE OF CONFERENCE

This is a joint motion and, as such, the Parties agree to the relief requested herein.

*/s/     Kimberly Cheeseman*
Kimberly Cheeseman

### CERTIFICATE OF SERVICE

This pleading was served on all counsel of record via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on February 9, 2022.

*/s/ Kimberly F. Cheeseman*
Kimberly F. Cheeseman